

**ORDERED in the Southern District of Florida on March 26, 2026.**

_Scott M. Grossman_

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

GANI BROWN,                                                    Case No. 25-23817-SMG

      Debtor.                                                  Chapter 7

_____/

## <u>ORDER DENYING MOTION FOR RECONSIDERATION</u>

Federal Rule of Bankruptcy Procedure 4007(c) requires that a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) must be filed within 60 days after the first date set for the § 341 meeting of creditors. The rule goes on to provide that "[o]n a party in interest's motion filed before the time expires, the court may, after notice and a hearing and for cause, extend the time to file."[1] The deadline to file such a complaint in this case was February 17, 2026.[2]

---

[1] Fed. R. Bankr. P. 4007(c).
[2] _See_ Dkt. No. 6.

At 4:00 p.m. on February 17, 2026, creditor Yusuf Kurt filed an *Ex Parte Motion to Extend Deadlines to Object to Dischargeability, Discharge and Exemptions*.[3] Under Local Rule 9013-1(C)(6), the Court may consider this type of motion without a hearing if the debtor consents to the requested relief. The motion did not indicate the debtor's consent, so the Court set the motion for hearing on March 11, 2026.[4]

As titled and docketed, Mr. Kurt's motion sought an extension of three deadlines – the deadlines to object to: (1) the dischargeability of a particular debt,[5] (2) the debtor receiving a discharge generally,[6] and (3) the debtor's claimed exemptions.[7] The body of the motion, however, only sought relief under Federal Rules of Bankruptcy Procedure 4004(b) (extending the time to object to a discharge) and 4003(b) (extending the time to object to claimed exemptions), and only argued that Mr. Kurt needed more time "to complete investigation and discovery regarding the Debtor's financial affairs, *potential grounds for denial of discharge*, and *the propriety*

---

[3] Dkt. No. 17.

[4] Dkt. No. 20. *See* Local Rule 9013-1(C)(6) ("The motion must indicate in the body if it is an agreed motion."); *see also* Local Rule 9073-1(D) ("If a motion seeks relief involving . . . a debtor that is represented by an attorney . . . the motion must include a certification that the movant's attorney has contacted counsel for [the debtor] to attempt to resolve the matter without hearing.").

[5] *See* Fed. R. Bankr. P. 4007(c).

[6] Under Fed. R. Bankr. P. 4004(a), the deadline to object to a discharge in a chapter 7 case is the same as the deadline under Rule 4007(c) to seek a determination of dischargeability – 60 days after the first date set for the § 341 meeting of creditors. The first date set for the § 341 meeting of creditors here was December 16, 2025, *see* Dkt. No. 6, so the deadline to object was February 17, 2026.

[7] Under Fed. R. Bankr. P. 4003(b)(1), if the debtor has not amended or supplemented his list of claimed exemptions, then the deadline to object to a debtor's claimed exemptions is 30 days after the conclusion of the § 341 meeting of creditors. In this case the docket indicates the § 341 meeting of creditors was concluded as of December 18, 2025. *See* Dkt. No. 11. This deadline was therefore January 20, 2026. *See* Fed. R. Bankr. P. 9006(a)(1) (when the last day of a period computed under the Federal Rules falls on a Saturday, Sunday, or legal holiday, the deadline runs to the next day that is not a Saturday, Sunday, or legal holiday).

2

*of exemptions claimed.*"[8] Other than requesting in his prayer for relief an extension of "the deadline to object to dischargeability under section 523,"[9] the motion failed to cite Rule 4007(c) (extending the time to object to dischargeability of a debt) or articulate a single reason why Mr. Kurt needed more time to lodge this particular objection.[10]

At the March 11, 2026 hearing, Mr. Kurt's counsel stated that he was no longer requesting an extension of the deadline to file a complaint objecting to the debtor's discharge or to object to the debtor's claimed exemptions. He was only seeking an extension of the deadline to file a complaint to determine dischargeability of a debt. The debtor's attorney, however, appeared at the hearing and opposed that relief, arguing that the motion was vague, failed to establish cause under Rule 4007, and was highly prejudicial. The debtor's attorney also pointed out that Mr. Kurt's attorney had entered an appearance in this case on January 12, 2026,[11] but failed to act and characterized the present request as an improper attempt by Mr. Kurt to obtain relief after sitting on his rights.

---

[8] Dkt. No. 17, ¶ 2 (emphasis added). The debtor did not claim any homestead exemption and instead claimed only a $4,000 exemption under Fla. Stat. § 222.25(4) in proceeds from the sale of a business, plus the $1,000 exemption in personal property provided by Fla. Const. art. X, § 4(a)(2). The deadline to object to exemptions had already passed by the time the motion was filed.

[9] *Id.*, ¶ 5.

[10] The motion requested "an extension of forty (41) [*sic.*] days, up to and including March 30, 2026." This inconsistency demonstrates why legal writing scholar Bryan Garner suggests the archaic "legalese" convention of spelling out numbers and then repeating them with numerals is "largely uncalled for" in modern legal documents. Mr. Garner notes that "the convention harks back to the days of legal scribes, who doubled words and numerals to prevent fraudulent alterations (words controlled over numerals)." Garner's Modern English Usage (Oxford, 2022), "Numerals (G)." (citing Garner, Bryan A., Legal Writing in Plain English 115-16 (2001)).

[11] Dkt. No. 15; *see* Fed. R. Bankr. P. 9010(b) ("An attorney appearing for a party in a case must file a notice of appearance containing the attorney's name, office address, and telephone number—unless the appearance is already noted in the record.").

Mr. Kurt's attorney argued in response that she had a complaint drafted but wanted to see if the trustee was going to take any action, and wanted to see what was going to happen at the § 341 meeting.[12] The Court then inquired of Mr. Kurt's counsel as to the cause for extending the deadline under Rule 4007(c), because that is what the rule requires – "cause."[13] Mr. Kurt's counsel argued that cause existed by virtue of the fact that Mr. Kurt has a state court judgment against the debtor for fraud. Determining that did not constitute cause for an extension under Rule 4007(c),[14] the Court denied Mr. Kurt's motion for an extension of time to file a complaint to determine dischargeability of a debt.[15]

Mr. Kurt now moves for reconsideration.[16] In his motion for reconsideration, he admits that his motion to extend time "did not set forth the factual basis for 'cause' with sufficient specificity."[17] He then goes on to raise for the first time arguments that could have been raised in his motion to extend time. Specifically, he now asserts that he holds an October 2021 judgment against the debtor for fraud in the amount of $26,449.88 and breach of fiduciary duty in the amount of $205,000.[18] Thus, Mr. Kurt argues, cause existed for an extension "because fraud must be pleaded with

---

[12] Here, the § 341 meeting was held on December 16, 2025, and concluded. *See* Dkt. Nos., 6, 11. Thus, waiting to see what occurs at a meeting that already took place 60 days ago is not a valid reason for an extension.

[13] Fed. R. Bankr. P. 4007(c).

[14] In most cases, it is usually a relatively low bar to establish cause for a first extension of this deadline. But the mere fact that Mr. Kurt believed he had a viable claim, in and of itself, is not cause. To the contrary, the argument that Mr. Kurt already holds a fraud judgment suggests no further investigation was necessary and that there was no reason he could not have timely filed his complaint.

[15] Dkt. No. 24.

[16] Dkt. No. 25.

[17] *Id.*, ¶ 2; *see also id.*, ¶ 12 (admitting that "the original motion, nor the facts presented at the hearing, sufficiently explained the specific 'cause' supporting the requested extension.").

[18] *Id.*, ¶ 14.

particularity, counsel needed sufficient time to obtain, review, and organize the state-court pleadings and judgment materials necessary to prepare a properly supported complaint,"[19] and because he "intended to rely in part on the preclusive effect of the state-court fraud litigation, counsel needed to evaluate and present the state-court record in a manner sufficient to support that theory."[20]

He further argues that the state court "lawsuit and its contents were extensive, going back to 2015, having had 3 amended complaints, a Jury Trial and an appeal to the 4th DCA,"[21] but that "[d]espite diligence, counsel did not have all materials and information assembled in time to file what counsel believed would be a properly supported complaint by February 17, 2026."[22] In sum, he argues that cause existed for an extension due to "a concrete need to properly plead and support a complaint under § 523(a)(2)(A)," and not to conduct "a speculative investigation."[23]

The motion cites only one authority for reconsideration, noting in paragraph 5 that "Fed. R. Bankr. P. 9023 permits a motion to alter or amend an order if filed within 14 days after entry of the order."[24] Other than this passing mention of Rule 9023, which incorporates Federal Rule of Civil Procedure 59(e), the motion is devoid of any authority – or legal argument – as to why the Court should reconsider its order. Rather, virtually the entire motion is devoted to arguing what should have been argued in the motion to extend time – what cause existed to grant an extension.

---

[19] *Id.*, ¶ 16.
[20] *Id.*, ¶ 18.
[21] *Id.*, ¶ 20.
[22] *Id.*, ¶ 21.
[23] *Id.*, ¶ 22.
[24] *Id.*, ¶ 5.

When not clearly articulated under which rule a movant seeks relief, courts generally construe motions for reconsideration as either motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023, or as motions for relief from a judgment or order under Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024.[25] Under Rule 60(b), a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[26]

Rule 59(e) grants courts authority to alter or amend a judgment. Unlike Rule 60(b), it does not list the grounds on which a court may do so. The Eleventh Circuit has stated that the "only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."[27] "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling

---

[25] *In re Nieves Guzmán*, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017).

[26] Fed. R. Civ. P. 60(b).

[27] *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see Trump v. Cable News Network, Inc.*, 2023 WL 8433599, at *1 (S.D. Fla. 2023) (quoting *U.S. v. Dean*, 838 Fed. App'x 470, 471-72 (11th Cir. 2020)).

precedent.'"[28] Regardless of which rule a party seeks relief under, "reconsideration is an extraordinary remedy to be employed sparingly."[29]

The motion here only cites Rule 9023, which incorporates Federal Rule of Civil Procedure 59(e). As such, the Court could only grant the motion if there was newly discovered evidence or if the Court made manifest errors of law or fact.[30] The motion fails to allege – let alone satisfy – either basis. The motion fails to identify any newly discovered evidence with respect to Mr. Kurt's 2021 judgment. Nor does the motion demonstrate any manifest error of law or fact in the Court's denial of his request for an extension of time.

The Court denied Mr. Kurt's motion to extend the deadline to file his complaint because he failed to establish cause. His motion for reconsideration admits as much.[31] His attempt now to supplement the record and argue the cause he should have argued in the motion and at the hearing, however, does not establish that the Court misapplied the law or failed to consider controlling authority. Rather, it reflects a

---

[28] *Shuler v. Garrison*, 718 Fed. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Trump*, 2023 WL 8433599, at *1 ("[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" (internal quotation marks omitted) (quoting *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, 2020 WL 264674, at *6 (S.D. Fla. 2020))); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (defining manifest error as an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

[29] *Trump*, 2023 WL 8433599, at *1 (quoting *Holland v. Florida*, 2007 WL 9705926, at *1 (S.D. Fla. 2007)); *see also Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) ("reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly'" (quoting *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993))).

[30] *See MacPhee*, 73 F.4th at 1250; *Trump*, 2023 WL 8433599, at *1.

[31] Dkt. No. 25, ¶ 24; *see also* Melich Decl. ¶ 15, attached to Mot. for Recons. ("In retrospect, the original motion did not set forth the factual basis for cause with the degree of specificity that I intended and that the Court required.").

belated effort to cure the deficiencies in his original motion. This is not a proper basis for relief under Rule 59(e).

Although not cited or argued, Mr. Kurt's motion also fails to satisfy Rule 60(b). Other than his own failure to sufficiently articulate and argue cause in support of his motion to extend the deadline – which is not a basis for relief from an order under Rule 60(b) – Mr. Kurt fails to articulate any mistake, inadvertence, surprise, or excusable neglect that warrants reconsideration. Rule 60(b) does not permit a party to relitigate issues or to present arguments that could have been raised earlier.[32]

Rule 4007(c) sets a strict deadline. A timely motion to extend that deadline may be granted for cause, but the movant has the burden to show cause exists. Here, Mr. Kurt failed to meet his burden – both in his motion and at the hearing. The Court did not err in denying his motion, and he has articulated no valid basis for the Court to reconsider its ruling.

Accordingly, it is **ORDERED** that Mr. Kurt's *Motion for Reconsideration*[33] is **DENIED**.

# # #

*Copies furnished to Aimee Melich, Esq., who must serve a copy of this Order on all interested parties and file a certificate of service thereof.*

---

[32] *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (citing *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010)).
[33] Dkt. No. 25.